El Pueblo, Demandante y Apelado, *v.* Torres et al, Acusados y Apelantes.

Apelación procedente de la Corte de Distrito de Guayama en causa por delito de infracción al artículo 362 del Código Penal.

No. 950.—Resuelto en enero 25, 1916.

Reunión Ilícita—Pelea de Gallos—Crueldad para con los Animales.—La reunión de varias personas para llevar a efecto peleas de gallos, separándose después sin realizarlas, constituye reunión ilícita dentro del artículo 362 del Código Penal, ya que una pelea de gallos es un acto ilegal, como prohibido y penado por la sección quinta de la ley para impedir la crueldad para con los animales.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Pedro Gómez Lasserre.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por Angel B. Torres y otros contra sentencia que en grado de apelación y mediante la celebración de nuevo juicio pronunció la Corte

de Distrito de Guayama en 11 de junio de 1915, declarando culpables a los nueve acusados del delito de infracción al artículo 362 del Código Penal e imponiendo a cada uno de ellos la pena de $5 de multa y una novena parte de las costas, o en defecto del pago de la multa un día de cárcel por cada dollar que dejaran de satisfacer.

En la denuncia se imputa a los acusados el hecho de que el día 1º. de diciembre de 1914, ilegal, voluntaria y maliciosamente se reunieron en el barrio Boca Velázquez de Santa Isabel, del distrito judicial municipal de Salinas que forma parte del distrito judicial de Guayama, con el propósito deliberado de llevar a efecto peleas de gallos, que es un acto ilegal, separándose después sin realizar dicho acto ilegal.

La transcripción de autos comprende únicamente copia de la denuncia, de la sentencia y del escrito de apelación, faltando escrito de exposición·del caso y pliego de excepciones; pero la representación de los apelantes ha alegado por escrito y oralmente que los hechos relatados en la denuncia no constituyen delito alguno y sólo revelan el propósito de conseguir de una manera indirecta el castigo de los acusados forzando las palabras del estatuto o sea del artículo 362 del Código Penal, para hacerlas aplicables a hechos que no serían penables con arreglo a las disposiciones de la sección 5ª. de la ley para impedir la crueldad con los animales, aprobada en 10 de marzo de 1904, según interpretación que a dicha sección ha dado esta Corte Suprema en el caso de *El Pueblo v. Ramírez,* 18 D. P. R. 272.

Los hechos consignados en la denuncia están claramente previstos y castigados en los artículos 362 y 363 del Código Penal que dicen así:

"Art. 362.—Si dos o más personas se reunieren para cometer un acto ilegal, separándose después sin realizarlo, o sin llevar adelante su ejecución, o ejecutaren un acto legal tumultuosa o desordenadamente, las personas así reunidas constituirán una reunión ilícita.

"Art. 363.—Toda persona que tomare parte en un tumulto o reunión ilícita, incurrirá en *misdemeanor.*"

Una pelea de gallos es un acto ilegal, como prohibido y penado por la sección 5ª. de la ley para impedir la crueldad con los animales, y, por tanto, la reunión de varias personas para llevar a efecto peleas de gallos, separándose después sin realizarlas, cae bajo el artículo 362 ya transcrito del Código Penal.

No se expresa en la denuncia que todos los acusados o algunos de ellos habían de ser meros expectadores de las peleas de gallos y por tanto nuestra decisión en el caso de *El Pueblo* v. *Ramírez* no es de aplicación al presente.

Si los acusados hubieran probado en el juicio que habían de ser meros espectadores de las peleas de gallos, les favorecería la decisión indicada; pero ignoramos, por falta de escrito de exposición del caso, si suministraron o no esa prueba, y por tanto tenemos que aceptar que se reunieron para llevar a efecto peleas de gallos, según se afirma en la denuncia y se decide en la sentencia, y no para ser meros espectadores de ellas.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.